___ Priority
✓ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3



UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROUT M. SASSOUNIAN and SHAKE KOUYOUMJIAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF ARCADIA, et al.,<br><br>    Defendants. | CASE NO. CV01-02447 RMT(CWx)<br><br>ORDER DENYING DEFENDANT CITY OF ARCADIA'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT. |



This matter comes to the court on Defendant City of Arcadia's motion for summary judgment or, in the alternative, partial summary judgment. The court, having considered the pleadings and other documents filed in this case, now determines:

This case arises from an encounter between Plaintiffs Harout Sassounian and Shake Kouyoumjian ("plaintiffs") and police officer Bruce Smith, an employee of defendant City of Arcadia ("defendant"). During the encounter, Plaintiff Sassounian allegedly sustained injury when Officer Smith's horse purportedly stepped on plaintiff Sassounian.

Plaintiffs bring four (4) claims against defendant; to wit: violation of 42 U.S.C. §1983; battery; negligence; and violation of the Unruh Civil Rights Act, California Civil Code § 51 et

seq.[1] Defendant City of Arcadia now moves for summary judgment, or, in the alternative, partial summary judgment, on all four claims.

**Summary Judgment Standard:**

Fed. R. Civ. P. 56(c) provides that summary judgment may be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and. . . the moving party is entitled to a judgment as a matter of law." See Fed. R. Civ. P. 56(c).

**42 U.S.C. §1983**

Relying upon 42 U.S.C. §1983, Plaintiffs claim that defendant's unconstitutional policies and customs caused their injuries. "[A] municipality cannot be held liable solely because it employs a tortfeasor - or in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Social Services of the City of N.Y., 436 U.S. 658 (1978). However, a municipality can be liable under Section 1983 if the plaintiff's injury was caused by the execution of official policy. See Monell, 436 U.S. at 694.

Viewed in the light most favorable to the non-moving party, the admissible evidence submitted by the parties presents a triable issue of material fact as to whether or not defendant has unconstitutional official policies, the execution of which resulted in injuries to plaintiffs. Accordingly, defendant's motion for summary judgment on plaintiffs' Section 1983 claim is denied.

**Battery**

"A police officer who uses unreasonable or excessive force in making a lawful arrest or detention commits a battery upon the person being arrested or detained as to such excessive force." Edson v. City of Anaheim, 63 Cal. App. 4th 1269, 1273 (1998).[2] Defendant's liability for

---

[1] The negligence and battery claims are brought solely by Plaintiff Sassounian against all Defendants. The civil rights claims are brought by both Plaintiffs against all Defendants.

[2] It is undisputed that Plaintiff Sassounian was detained by Officer Smith during the relevant time period. See Decl. of Harout Sassounian at ¶ 9 ("I did not resist arrest or attempt to flee") and Decl. of Shake Kouyoumjian at ¶ 7("I did not see my brother making any gestures at the police officer or attempt to resist or flee.")

1  battery is based on California Government Code § 815.2 (a), which provides that "[a] public
2  entity is liable for injury proximately caused by an act or omission of an employee of the public
3  entity within the scope of his employment if the act or omission would, apart from this section,
4  have given rise to a cause of action against the employee or his personal representative."

5  Whether defendant is liable for battery turns on whether Officer Smith committed a
6  battery. The court finds triable issues of material fact regarding Officer Smith's liability for
7  battery. Accordingly, defendant's motion for summary judgment on Plaintiff Sassounian's battery
8  claim is denied. See Brummett v. Sacramento County (1978) 21 Cal. 3d 880,884 (holding that
9  trial court erred in granting summary judgment for defendant County when there existed
10 sufficient evidence of the officers' negligence to preclude summary judgment in officers' favor).

11 *Negligence*

12 To survive defendant's motion for summary judgment on his negligence claim, Plaintiff
13 Sassounian must show that 1) Officer Smith owed Plaintiff Sassounian a duty of care, 2) a
14 breach of that duty, and 3) the breach was the proximate cause of the resulting injury. See
15 Ahren v. Dillinbeck, 1 Cal. App. 4th 36, 42 (1991). Defendant's liability for negligence is based
16 on California Government Code § 815.2 (a), which provides that "[a] public entity is liable for
17 injury proximately caused by an act or omission of an employee of the public entity within the
18 scope of his employment if the act or omission would, apart from this section, have given rise
19 to a cause of action against the employee or his personal representative."

20 Whether defendant is liable for negligence turns on whether Officer Smith was negligent.
21 The court finds triable issues of material fact regarding defendant Officer Smith's liability for
22 negligence. Accordingly, defendant's motion for summary judgment on Plaintiff Sassounian's
23 negligence claim is denied. See Brummett v. Sacramento County (1978) 21 Cal. 3d 880, 884
24 (holding that trial court erred in granting summary judgment for defendant County when there
25 existed sufficient evidence of the officers' negligence to preclude summary judgment in officers'
26 favor).

27 *Violation of Unruh Civil Rights Act, California Civil Code § 51 et seq.*
28 Plaintiffs allege a violation of the Unruh Civil Rights Act, Civil Code § 51 *et seq.*, on the

ground that defendants' actions were racially motivated. California Civil Code § 51.7(a) provides: "[a]ll persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of their race, color, religion, ancestry, national origin . . . or because another person perceives them to have one or more of those characteristics."

Viewed in the light most favorable to the non-moving party, the admissible evidence submitted by the parties presents a triable issue of material fact as to whether or not defendants were racially motivated in their actions towards plaintiffs. Accordingly, defendant's motion for summary judgment on plaintiffs' Unruh Civil Rights Act claim is denied.

IT IS SO ORDERED.

Dated: 7/19/02

ROBERT M. TAKASUGI
United States District Judge